**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 18-mj-01129-STV

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. DANIEL B. RUDDEN,

      Defendant.

---

**ORDER GRANTING JOINT MOTION TO EXCLUDE TIME BEFORE INDICTMENT**

---

This matter is before the Court on the Parties' Joint Motion to Exclude Time Before Indictment, ECF No. 13.   Through this motion, the parties jointly move this Court to exclude the time period from and including August 15, 2018 to September 14, 2018 (30 days) in computing the time within which an indictment must be filed.

The Court hereby GRANTS the Joint Motion for the following reasons:

1.      This Court issued a warrant for the arrest of the defendant on July 16, 2018, on the basis of a criminal complaint charging the defendant with wire fraud, in violation of 18 U.S.C. § 1343.   ECF Nos. 1, 2.   The defendant voluntarily surrendered to the United States Marshals Service on July 17, 2017.   That same day, he was brought before this Court for his initial appearance, pursuant to Rule 5. He was released on a personal recognizance bond.   ECF No. 9.   The defendant's arraignment, preliminary hearing, and discovery conference is scheduled for August 6, 2018, before Magistrate Judge Kristin Mix.

2.      The Speedy Trial Act requires that a defendant be indicted within thirty days of his arrest.   *See* 18 U.S.C. § 3161(b).   Therefore, the government must seek an indictment from a grand jury on or before August 15, 2018.

3.      This Court has the authority to issue orders excluding time under the Speedy Trial Act of 1974, 18 U.S.C. § 3161-74, after making appropriate findings. D.C.COLO.L.CR. 57.1(a) and 57.1(b)(12).   18 U.S.C § 3161(h)(7)(A) authorizes the Court to exclude time when it concludes that the ends of justice resulting from any delay outweigh the best interest of the public and the defendant in a speedy trial.   The Court must make explicit findings justifying its reasoning, but it "need not articulate facts which are obvious and set forth in the motion for the continuance itself."   *United States v. Williams*, 511 F.3d 1044, 1057 (10th Cir. 2007) (internal quotation and citations omitted).   Among the factors that the Court may consider when weighing whether to exclude time are (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm the moving party might suffer as a result of a denial of the continuance.   *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987).

4.      This Court finds that a 30-day exclusion of time is warranted for the following reasons:

a.      Counsel for both parties are diligently reviewing the facts of this

matter for the purposes of exploring a pre-indictment resolution of this case.   The exclusion of time would allow counsel to focus their efforts on plea negotiations, without creating the risk that they would not, despite their diligence, have reasonable time for the effective preparation of trial.

b.      The parties need time to review discovery, identify and interview all victims, negotiate a plea agreement, and file an Information.   If no exclusion is granted, the government would be required to present the case to a grand jury 30 days after arrest, which would be on or before August 15, 2018.   However, as a practical matter, because grand juries in this district do not meet every week, and because the government would need time to prepare for a presentation to the grand jury, the parties have considerably less than 30 days after arrest to actually negotiate a plea. Therefore, despite diligence from counsel for both parties, the requested exclusion is necessary to accomplish all of the tasks prerequisite to a successful plea.

c.      Rejecting this request would impose significant inconvenience and harm on all of the parties, their potential witnesses, victims, and the Court.   Without the exclusion, the government would be forced to present a case to a grand jury before the deadline, in circumstances where, given more time, the parties might be able to resolve the matter without burdening the grand jury.   In those circumstances, the defendant, too, would be inconvenienced by a premature indictment that might complicate a successful resolution of the case.   Finally, a premature indictment would require the Court to expend resources related to scheduling the resulting case.

5.      The Joint Motion expressly states that the defendant understands that his

waiver is not predicated upon any promises, agreements, or understandings of any kind between the government and the defense in this case, and that nothing contained herein shall be construed to preclude the government from proceeding against the defendant during or after the time period covered by his waiver.

WHEREFORE, for the reasons stated herein, the Court GRANTS the Joint Motion and holds that, pursuant to 18 U.S.C. § 3161(h), the time period from and including August 15, 2018, to September 14, 2018 (30 days) will be excluded in computing the time within which an indictment or information must be filed.   The new Speedy Trial deadline by which the government must obtain an indictment from a grand jury is on or before September 14, 2018.

DATED this _____ day of August, 2018.


_____
SCOTT T. VARHOLAK
UNITED STATES MAGISTRATE JUDGE