IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-mj-01129-STV

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DANIEL B. RUDDEN,

    Defendant.

---

## SECOND JOINT MOTION TO EXCLUDE TIME BEFORE INDICTMENT

---

The United States of America, by Robert C. Troyer, United States Attorney for the District of Colorado, and Martha A. Paluch and Rebecca S. Weber, Assistant United States Attorneys, and Daniel B. Rudden, by and through his counsel Assistant Federal Public Defender Natalie Stricklin, jointly move this Court to exclude the time period from and including September 14, 2018, to October 29, 2018 (45 days) in computing the time within which an indictment must be filed. In support thereof, the parties state as follows:

    1.    On July 16, 2018, an arrest warrant was issued by United States Magistrate Judge Scott T. Varholak on the basis of a criminal complaint charging the defendant with wire fraud, in violation of 18 U.S.C. § 1343. The defendant voluntarily surrendered to the United States Marshals Service on July 17, 2017. That same day, he was brought before Judge Varholak for his initial appearance, pursuant to Rule 5. He was released on a personal recognizance bond.

1

2. On August 2, 2018, the parties filed a Joint Motion to Exclude Time before Indictment, extending the time within which the government must seek an indictment to September 14, 2018. ECF 14. On August 7, 2018, after a status hearing, the Court granted the motion. ECF 18. A status conference is scheduled for September 14, 2018 at 10:00 a.m. before Magistrate Judge Nina Y. Wang.

3. A magistrate judge may issue orders excluding time under the Speedy Trial Act of 1974, 18 U.S.C. § 3161-74, after making appropriate findings. D.C.COLO.L.CR. 57.1(a) and 57.1(b)(12). 18 U.S.C § 3161(h)(7)(A) authorizes the Court to exclude time when it concludes that the ends of justice resulting from any delay outweigh the best interest of the public and the defendant in a speedy trial. The Court must make explicit findings justifying its reasoning, but it "need not articulate facts which are obvious and set forth in the motion for the continuance itself." *United States v. Williams*, 511 F.3d 1044, 1057 (10th Cir. 2007) (internal quotation and citations omitted). Among the factors that the Court may consider when weighing whether to exclude time are (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm the moving party might suffer as a result of a denial of the continuance. *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987).

4. The parties seek a 45-day exclusion of time for the following reasons:

a. Counsel for both parties are diligently reviewing the facts of this matter for the purposes of exploring a pre-indictment resolution of this case, and it appears that such a resolution is likely. The exclusion of time would allow counsel to focus their efforts on plea negotiations, without creating the risk that they would not, despite their diligence, have reasonable time for the effective preparation of trial.

b. The parties need additional time to review discovery, identify and interview all victims, negotiate a plea agreement, and file a Waiver of Indictment and an Information. To date, the investigative materials, to include, *inter alia,* interviews, transcripts, and bank records, total approximately 28,000. Agents have identified 21 bank accounts tied to the defendant. The government is waiting to receive records from a number of financial institutions. The return date on these records requests is September 11, 2018, although the government has asked these entities to produce the records as soon as possible. In addition, certain financial institutions provided incomplete records, which required government agents to ask these institutions to produce the omitted documents. This has delayed the receipt, processing, and production of these records. Finally, interviews and review of produced documents has resulted in the issuance of additional requests for records in the past week. In sum, it is anticipated that the total number of pages of discovery will far exceed 28,000.

c. The need for a thorough review of the financial records in this case is even more important because the defendant destroyed his computer and records which would have detailed 1) the identities of his investors; 2) how much money each investor invested in Financial Visions, Inc. and its related entities; and 3) how much

money each investor received in "interest payments,"[1] which amounts will reduce the amount of money an individual investor is entitled to receive in restitution. Without a firm understanding of the loss amount, it is difficult to draft an accurate guideline calculation in a plea agreement. Moreover, if the parties proceed to a hearing at which time the defendant waives indictment, the government will be unable at that point to utilize the grand jury to firm up the loss amount prior to a change of plea hearing.[2] Therefore, despite due diligence from counsel for both parties, the requested exclusion is necessary to accomplish all of the tasks prerequisite to a successful plea.

        d.      An extension of 45 days will allow the government to obtain and review all records necessary prior to seeking an indictment, or more likely, the filing of an Information and Waiver of Indictment through a pre-indictment resolution.

        e.      Rejecting this request would impose significant inconvenience and harm on all of the parties, their potential witnesses, victims, and the Court. Without the exclusion, the government would be forced to present a case to a grand jury just days after the anticipated return of documents on September 11, 2018. Given more time, it is very likely the parties will resolve the matter without burdening the grand jury. In those circumstances, the defendant, too, would be inconvenienced by a premature indictment that might complicate a successful resolution of the case. It is in the

---

[1] Investigation thus far has revealed that "interest payments" made to earlier investors were actually principal amounts given to the defendant by later investors.
[2] The parties are aware that Title 18, United States Code, Section 3664(d)(5) affords an additional ninety days post-sentencing for a final determination of the victims' losses for purposes of a restitution order. The concern here is an accurate loss calculation for purposes of providing the defendant and the Court with an accurate guideline calculation.

defendant's interests for the government to expend its resources at this point to determine an accurate loss amount rather than prepare for a grand jury presentation. Finally, a premature indictment would require the Court to expend resources related to scheduling the resulting case.

5.  The defendant expressly understands that his waiver is not predicated upon any promises, agreements, or understandings of any kind between the government and the defense in this case, and that nothing contained herein shall be construed to preclude the government from proceeding against the defendant during or after the time period covered by his waiver.

WHEREFORE, the parties request, pursuant to 18 U.S.C. § 3161(h), that the time period from and including September 14, 2018, to October 29, 2018 (45 days) be excluded in computing the time within which an indictment or information must be filed. The new Speedy Trial deadline by which the government must obtain an indictment from a grand jury is on or before October 29, 2018.

Respectfully submitted,

ROBERT C. TROYER
United States Attorney


/s Martha A. Paluch
Martha A. Paluch
Assistant U.S. Attorney

/s Rebecca S. Weber
Rebecca S. Weber
Assistant U.S. Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: Martha.paluch@usdoj.gov
E-mail: Rebecca.weber@usdoj.gov

Defendant's Signature:  I hereby agree that I have consulted with my attorney and fully understand all my rights with respect to a speedy trial, including my right to be charged by indictment within 30 days of arrest, as required by 18 U.S.C. § 3161(b).  I have read this motion for an extension of time to be charged by indictment, and carefully reviewed every part of it with my attorney.  I understand this motion and voluntarily agree to it.

Date: 8/27/18

DANIEL B. RUDDEN, Defendant

Defense Counsel's Signature:  I am counsel for the defendant in this case.  I have fully explained to the defendant the defendant's right to be charged by indictment within 30 days of arrest.  Specifically, I have reviewed the terms and conditions of 18 U.S.C. § 3161(b), and I have fully explained to the defendant the provisions that may apply in this case.  To my knowledge, the defendant's decision to agree to an extension of time to be charged by indictment is an informed and voluntary one.

Date: 8/27/18

s/ Natalie Stricklin
Natalie Stricklin
Federal Public Defender
Counsel for the Defendant

7

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on August 27, 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system that will send notification of such filing to all parties of record.

/s Martha A. Paluch
Martha A. Paluch
Rebecca S. Weber
Assistant United States Attorneys
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: Martha.paluch@usdoj.gov
Rebecca.weber@usdoj.gov