IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Criminal Action No.  18-CR-00508-CMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DANIEL B. RUDDEN,

Defendant.

---

**DEFENDANT DANIEL RUDDEN'S OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT (PSR)**

---

Defendant Daniel Rudden, by and through counsel, Colette Tvedt, respectfully submits the following objections to the draft pre-sentence report (PSR) filed on May 15, 2019.

## INTRODUCTION

The paragraph numbers in this document correspond to the paragraph numbers of the draft pre-sentence report of May 15, 2019.

## OBJECTIONS

**PART A. THE OFFENSE**

**Adjustment for Obstruction of Justice**

**Paragraphs #40, 41, and #51:**   The Defendant objects to the two-level enhancement pursuant to §3C1.1 for obstruction of justice for throwing his computer, hard drive and some physical client files into a dumpster in July 2018. As laid out in the plea agreement

1

and PSR, Mr. Rudden was the President of Financial Visions (FV). For the first decade of the business, FV was very successful and Mr. Rudden paid investors 12% simple interest per year on their initial principal invested. In 2010 or 2011, Mr. Rudden began paying the 12% annual interest from investors, not from any new business. In July 2018, Mr. Rudden knew that he could not continue with this scheme and he sent out an email to all his investors on July 9, 2019 admitting his fraud.

In the months before this, Mr. Rudden was suicidal and was considering taking his life. When he cleaned out his office before announcing his complicity to his investors, he threw out his computer, hard drive, and some of his physical client files. At that time, he planned to take his life. He did not want to leave any personal emails and correspondence and letters that were personal in nature and not related to his FV business after he took his life. He did not throw out the computer and files with the intent to obstruct justice. All the investment money was deposited into bank accounts at Colorado Bank and Trust, Bank of Denver, Bank of the West, Guaranty Bank and Sunwest Trust (through wires and checks) and Mr. Rudden believed that all the investor records were available from the banks and could easily be re-created. As he told the FBI Special Agents Travis Wall and Sarah Anderson in an interview conducted in July 14, 2018, he threw out the computer, some files of his investors because: "It was clearly bad thinking. I didn't keep the records because I didn't think I was going to be around, and I figured all of the investors would be found...I didn't think I would have to answer to anybody, and I will help recreate it." Over the next several months, Mr. Rudden sat down with the FBI, the AUSA, members from the SEC and worked to recreate client files and spreadsheets. Records were also provided by the banks in which the investment money was deposited.

The two-level enhancement under §3C1.1 applies if the defendant's obstructive conduct (A) occurred with respect to the investigation, prosecution, or sentencing of the defendant's instant offense of conviction, and (B) related to (i) the defendant's offense of conviction and any relevant conduct. Obstructive conduct that occurred prior to the start of the investigation of the instant offense of conviction may be covered by this guideline if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction. Application Note 4 provides a "non-exhaustive list of examples of the types of conduct to which [U.S.S.G. § 3C1.1] applies." U.S.S.G. § 3C1.1. Application Note 4. Subsection 4(d) specifically includes language about the enhancement applying if evidence is destroyed: "Destroying or concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding (*e.g.,* shredding a document or destroying ledgers upon learning that an official investigation has commenced or is about to commence), or attempting to do so. Here, the computer was thrown out before the investigation was commenced; and the computer and documents were not destroyed in order to avoid prosecution. In this case, Mr. Rudden wrote an email to all investors admitting his guilt, he turned himself into the authorities, he waived his *Miranda* rights and gave an inculpatory statement to the Government, and he assisted the Government in their investigation and prosecution- clearly all factors pointing to an effort *not* to obstruct justice.

This case is distinguishable from cases in which there is a clear attempt to obstruct justice. In *United States v. Waldon*, 206 F.3d 597, 608–09 (6th Cir. 2000), an armed robbery case, the district court did not err when it enhanced the defendant's sentence for obstruction of justice, based on his unsuccessful attempt to persuade the owner of the

3

getaway car used in the robbery, to report the car was stolen. The Court in *Waldon* noted that a district court's determination that a defendant has obstructed justice is a mixed question of law and fact.

In *Waldon,* the Sentencing Guidelines made clear that his behavior was the type of conduct that warranted an enhancement for obstruction of justice: "directing or procuring another person to destroy or conceal evidence that is material to an official investigation ... *or attempting to do so*." U.S.S.G. § 3C1.1, applic. note 4(d) (emphasis added). The district court found that Waldon made the telephone call at issue in this case six hours *after* his arrest and the car owner testified that Waldon called him from jail and asked him to report, as stolen, the Ford Mustang that Waldon had used as the getaway vehicle. This telephone call clearly qualifies as an attempt on the part of Waldon to direct another person to conceal evidence material to the investigation. Further, it is clear that Waldon made this attempt to conceal material evidence long after he was arrested. Accordingly, the district court in *Waldon* interpreted § 3C1.1 properly and did not err when it enhanced Waldon's sentence for obstruction of justice. *United States v. Waldon*, 206 F.3d 597, 608–09 (6th Cir. 2000). This case is clearly different than cases such as Waldon. Here, Mr. Rudden was not attempting to obstruct justice.

## PART C. OFFENDER CHARACTERISTICS

### Marital

**Paragraph 66:** Defendant's ex-wife's name is Marjorie Stapp.

**Paragraph 71:** Mr. Rudden has six children; none of his children- including Casey, Nicholas and Kevin have ever invested in Financial Visions (FV), nor did they lose money in Financial Visons.

4

Respectfully submitted,

s/ Colette Tvedt
Colette Tvedt, #49751
The Law Firm of Colette Tvedt LLC
1600 Stout Street, Suite 1400
Denver, Colorado 80202
(303) 577-1633; Fax: (303) 446-9400
colette@tvedtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

s/ Leni Charles
Legal Assistant