IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-cr-00508-CMA

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

1. **DANIEL B. RUDDEN,**

   **Defendant.**

---

**GOVERNMENT'S RESPONSE TO DEFENDANT DANIEL RUDDEN'S OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT (PSR), ECF 44**

---

The United States of America respectfully submits its response to the defendant's Objections to the Pre-Sentence Investigation Report (PSR), ECF 44.

**The Section 3C1.1 obstruction of justice enhancement applies in this case.**

Section 3C1.1 is entitled, Obstructing or Impeding the Administration of Justice, and provides that:

If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by **2** levels.

In the plea agreement, the government asserted that this enhancement applies due to the defendant's destruction of his computer and hard drive that contained detailed investor files, and that he also destroyed physical investor files prior to the commencement of the official investigation into his Ponzi scheme.  ECF 33 at 13, ¶ D.  The probation office agreed that this enhancement applies.  PSR, ECF 42 at 10, ¶ 51.  The defendant objects.

A timeline of the events leading up to the destruction of evidence is helpful.  As stated in his Plea Agreement, in March 2017, the defendant attempted to obtain additional investment dollars from Investor M.B., despite the fact the defendant was well aware he was operating a Ponzi scheme at that time.  The false representations made by the defendant to M.B. and the other investors about the financial soundness of FV lulled M.B. and the other investors into believing FV was legitimate so as to prevent or delay these investors from reporting the defendant's scheme to law enforcement.  ECF 33 at 10-11.

However, in May of 2018, Investor M.B. and other investors continued to question the defendant about the delay in receipt of payments.  The defendant tried to hold off investors until May 25, 2018, when he falsely claimed FV would be sold and they would receive their principal and interest through that date.  *Id.* at 11.

On July 9, 2018, the defendant sent an email to the investors admitting that FV was a Ponzi scheme.  On July 14, 2018, the FBI interviewed him.  In that interview, the defendant admitted to throwing his computer and records into a dumpster several weeks prior to that interview.  The defendant claimed he did this because he intended to kill

himself. However, the unrefuted evidence is that the defendant destroyed this crucial evidence weeks prior to confessing to the scheme, which would have been in June of 2018. At that time, the defendant had stalled investors for months; he continued to make up lies about the solvency of FV, continued to solicit funds from investors, and claimed that May 25, 2018 was the date everyone would receive their money. Clearly, by the time the defendant threw his computer and investor records into the dumpster he knew an investigation into his conduct would soon commence, since he would fail to make investors' expected interest payments or provide money from the purported sale of FV and the numerous already-angry, questioning investors would report his conduct. The government submits he destroyed this evidence to thwart the impending investigation into his actions.

Application Note 1 to 3C1.1 applies in these circumstances. This Note provides that "[o]bstructive conduct that occurred **prior to the start of the investigation** of the instant offense of conviction may be covered by this guideline if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction." (Emphasis added).

Despite this language, the defendant claims the enhancement does not apply because "the computer was thrown out **before the investigation was commenced**; and the computer and documents were not destroyed in order to **avoid prosecution**." ECF 44 at 3 (emphasis added). Defendant cites to the actions he took after he confessed to his investors via email about his Ponzi scheme: he "turned himself into the authorities, he waived his *Miranda* rights and gave an inculpatory statement to the

3

Government, and he assisted the Government in their investigation and prosecution- clearly all factors pointing to an effort *not* to obstruct justice." *Id.*[1]

The government does not dispute the actions the defendant took *after* his email confession, nor has it argued that the defendant destroyed evidence to *avoid prosecution*. Instead, it submits that the defendant's obstructive conduct took place **prior to the start of the investigation**, that it was purposefully calculated, and likely to thwart the investigation of his offense.   § 3C1.1 app. n. 1.

Tenth Circuit law supports applying the enhancement under the facts of this case.   In *United States v. Mills*, 194 F.3d 1108 (10th Cir. 1999), the Warden of the United States Penitentiary in Florence, Colorado, instituted a program whereby guards were required to videotape inmate escorts in an effort to curtail prison guards beating inmates.   *Id.* at 1110-1111.   Mills, a correctional officer, was videotaped beating an inmate and Mills later rewound the tape to erase the tape.   The Court upheld the district court's application of the obstruction enhancement to Mills's sentence.   Mills objected, arguing that the videotape's destruction occurred **prior to the investigation**, and therefore the § 3C1.1 enhancement did not apply.   The Court rejected this argument, finding that the defendant's destruction of evidence obstructed the federal investigation even though it took place before the start of that investigation. "Clearly, Mills knew that an investigation would be conducted, and he understood the importance of the tape in

---

[1] The United States disputes the defendant's assertion that he believed the investor records "could be easily re-created."   ECF 44 at 2.   Given that the defendant started FV in 2001, he had to know that reviewing bank records to determine loss amounts for over 200 investors for that length of time would be anything but easy.

4

that investigation." *Id.* at 1115.

The Court affirmed the holding of *Mills* in *United States v. Contreras*, 506 F.3d 1031 (10th Cir. 2007). There, a defendant fled to Mexico before the grand jury indicted her. She objected to application of the obstruction enhancement because "her conduct occurred before the investigation or prosecution of the 'instant offense of conviction' was underway." *Id.* at 1038. The Court rejected this argument, finding, "[I]f conduct [as occurred in *Mills*] may obstruct a federal prosecution when no investigation is underway at all, it surely must be permissible for the obstruction enhancement to apply here, where a defendant flees the country after state investigators had uncovered evidence that would warrant federal prosecution." *Id.* at 1038-39.

The government need only prove the obstruction of justice enhancement by a preponderance of the evidence, *Mills,* 194, F.3d at 1114, and it has done so here. The facts of this case and the applicable case law clearly support application of this enhancement.

For the reasons stated herein, the defendant's objection to the obstruction enhancement should be overruled.

Respectfully submitted this 6th day of June, 2019.

    JASON R. DUNN
    UNITED STATES ATTORNEY

    By: s/ Martha Paluch
    MARTHA PALUCH
    s/ Rebecca S. Weber
    REBECCA S. WEBER
    Assistant U.S. Attorneys
    U.S. Attorney's Office
    1801 California St., Suite 1600
    Denver, CO   80202
    Telephone:   (303) 454-0100
    Fax:   (303) 454-0403
    E-mail: Martha.Paluch@usdoj.gov
    Rebecca.Weber@usdoj.gov
    Attorneys for Government

## CERTIFICATE OF SERVICE

    I hereby certify that on June 6, 2019, I electronically filed the foregoing **GOVERNMENT'S SENTENCING STATEMENT** with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all parties of record.

               By: s/ Martha A. Paluch
               MARTHA A. PALUCH
               Assistant U.S. Attorney
               U.S. Attorney's Office
               1801 California St., Suite 1600
               Denver, CO   80202
               Telephone:   (303) 454-0100
               Fax:   (303) 454-0403
               E-mail: Martha.paluch@usdoj.gov
               Attorney for Government