**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 18-cr-00508-CMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.  DANIEL B. RUDDEN,

Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION FOR VARIANT SENTENCE, ECF 50**

---

The United States of America respectfully submits its response to the Defendant's

Motion for Variant Sentence, ECF 50.

The defendant requests that the Court vary from the 97-121 month guideline range

as set forth by the Probation Office in the Presentence Investigation Report (PSR), ECF

51 at R-1, down to a five year, or 60-month sentence.   This represents a 50% reduction

from the 120-month sentence recommended by the Probation Office and the 121-month,

top of the guideline sentence sought by the government in its sentencing statement, ECF

46.

The government submits that the following reasons set forth in the defendant's

Motion do not support the requested variance, or any variance at all.

**A.   History and Characteristics of Daniel Rudden**

The defendant recounts a very happy childhood, and parents who instilled in him

1

a strong work ethic.   He was married for 28 years to his high school sweetheart and was very involved in raising their six children.   He continues to enjoy "the love and support of many family, friends and former colleagues."   ECF 50 at 11.   The life that the defendant built for himself and enjoyed for his 72 years makes it even more difficult to understand how he could carry out the instant scheme and victimize these same family members, friends and former colleagues for – by his account – over seven years.   The defendant lied to and stole from these same people, along with many more, for a very long time. Rather than provide support for a variant sentence, the defendant's privileged life makes the instant offense that much more inexcusable.   With his upbringing and the upbringing he provided to his children, this defendant knew better, yet he made the conscious decision to defraud investors month after month for years when he sent out "interest payments" to investors, which were really investment dollars received by later investors.

### B.   The Nature and Circumstances of the Offense

The defendant claims his crime was driven more by "pride rather than greed."   *Id.* at 11.   To the extent pride and status in the community played a role in the defendant's decision to defraud others, it appears greed motivated him as well.   As the years went on, the scheme simply became the defendant's job; he kept the fraud afloat and funded his lifestyle with other people's money.   Had investor money continued to come in, the scheme could have lasted for much longer.   The length of time the defendant continued the scheme supports an inference that greed played a major role in this offense.   In sum, the nature and circumstances of this offense counsel against a variance to any degree.

### C. The Defendant's Cooperation with the Government

The government does not dispute the defendant's cooperation after he confessed to the scheme.   His cooperation has been taken into account by the government requesting that the Court afford the defendant the full three levels for acceptance of responsibility and the government's agreement to recommend a sentence within the advisory guideline range.   It does not support the variant sentence requested.

### D.  The Need for Just Punishment, to Protect the Public, and Promote Respect for the Law

The government disagrees with the defendant that a 5-year prison sentence will adequately address these sentencing objectives.   The seriousness of this offense and the harm the defendant caused to so many calls for a high-end sentence.   The government articulated its reliance on these factors in its Sentencing Statement in support of a 120-month sentence, ECF 46.

### E. The Defendant's Age Does Not Warrant a Variant Sentence

The defendant asks that the Court consider that he will enter the Bureau of Prisons at the age of 72.   The government asks the Court to consider that if this scheme started seven years ago as the defendant claims, he was 65 at the time he decided, for apparently the first time in his life, to defraud others.   And he defrauded not just a few people, but approximately 200.

In *United States v. Sells,* 541 F.3d 1227 (10th Cir. 2008), the Court rejected the defendant's argument that it should consider his age when deciding whether to impose a variant sentence.   The defendant was 59 years old when convicted and 62 when he was resentenced.   *Id.* at 1237.   The Court rejected the age argument, noting, "Sells engaged

in the instant drug conspiracy at the age of fifty-nine.   This fact casts significant doubt on

Sell's *sub silentio* assertion that a shorter sentence is sufficient to deter future criminal

acts on his part because he is unlikely to commit additional crimes due to his age."   *Id.*

at 1238; *see also United States v. Nagle,* 664 Fed. App'x 212, 217 n. 10 (3rd Cir. 2016)

(court rejected defendant's request for variant sentence due to his age, noting that it was

reluctant to "give a sentence that would encourage elderly people to commit crimes and

then get the benefit of their age as an excuse").

Next, the defendant claims that the Court should consider that it is more expensive

to incarcerate elderly inmates given their medical needs and medication.   ECF 50 at 18.

However, the defendant reported to the Probation Officer that "he is currently healthy and

not under a doctor's care."   ECF 51 at 13, ¶ 76.   He was told 10 years ago to have knee

replacement surgery, but has not.   While he has the beginning stages of arthritis, he is

able to treat it with Aleve.   *Id.*   In *Nagle,* the defendant argued that "due to his age, he

would have 'an increased need for health services.'"   Fed. App'x at 217 n. 10.   The Court

rejected this "hypothetical" argument, given that the defendant was "not currently

experiencing any health problems."   *Id.*   For these same reasons, the government

asserts this Court should reject defendant's argument about potential medical costs.

**Conclusion**

For the reasons stated herein, the Defendant's Motion for Variant Sentence

should be denied.

Respectfully submitted this 12th day of June, 2019.

JASON R. DUNN
UNITED STATES ATTORNEY

By: s/ Martha Paluch
MARTHA PALUCH
s/ Rebecca S. Weber
REBECCA S. WEBER
Assistant U.S. Attorneys
U.S. Attorney's Office
1801 California St., Suite 1600
Denver, CO   80202
Telephone:   (303) 454-0100
Fax:   (303) 454-0403
E-mail: Martha.Paluch@usdoj.gov
Rebecca.Weber@usdoj.gov
Attorneys for Government

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2019, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR VARIANT SENTENCE** with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all parties of record.

By: s/ Martha A. Paluch
MARTHA A. PALUCH
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Suite 1600
Denver, CO   80202
Telephone:   (303) 454-0100
Fax:   (303) 454-0403
E-mail: Martha.paluch@usdoj.gov
Attorney for Government