IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-cr-508-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DANIEL B. RUDDEN,

       Defendant.

---

## UNITED STATES' MOTION FOR A GENERAL PRELIMINARY ORDER OF FORFEITURE

---

COMES NOW the United States of America, by and through United States Attorney Jason R. Dunn and Assistant United States Attorney Laura B. Hurd, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2)(C) of the Federal Rules of Criminal Procedure, and moves this Court to enter a General Preliminary Order of Forfeiture.

In support, the United States sets forth the following:

**I.**　**Procedural Background**

    1.　On October 29, 2018, the United States charged defendant Daniel B. Rudden by Information with one count of mail fraud, in violation of 18 U.S.C. § 1341. (Docket # 25). The Information also contained a forfeiture allegation providing defendant Daniel B. Rudden with notice that the United States, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), would seek forfeiture of all property derived from proceeds the defendant obtained directly or indirectly as a

1

result of the offense, including a money judgment in the amount of proceeds obtained by the defendant's scheme.

4. On December 7, 2018, the United States and defendant Daniel B. Rudden entered into a Plea Agreement, in which the defendant Daniel B. Rudden agreed to plead guilty to Count One of the Information. The defendant also agreed to forfeit to the United States, any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), including all proceeds obtained by the defendant's scheme. (Docket # 33).

5. As set forth in the Plea Agreement, defendant Daniel B. Rudden obtained as much as $55,000,000.00 from investors through promissory notes offered by his business, Financial Visions, Inc. Most notes were supposed to pay annual interest rates of 12%. Financial Visions, Inc., which purportedly made money by paying funeral expenses for deceased individuals, and then collecting repayment plus interest from their life insurance policies, actually operated as a Ponzi scheme. Any interest or redemption payments received by investors were from new investor money, and not from any business revenue. (Docket # 33). Accordingly, the defendant's interest in all proceeds obtained and any property traceable to proceeds obtained by the defendant through the scheme to defraud are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

6. The United States has been attempting to identify all specific assets not yet dissipated by the defendant and calculate the amount of the money judgment sought. As part of that effort, undersigned counsel has been working with the Federal Bureau of Investigation and the United States Securities and Exchange Commission in

identifying available assets, and tracing any fraud proceeds that were used to obtain the assets identified in *S.E.C. v. Rudden, et al*, civil case number 18-cv-1849-RM. The tracing of proceeds to specific assets is continuing to date.  In addition, on June 12, 2019, undersigned counsel was made aware that additional documentation from a victim is expected that may change the loss amount, which had been calculated at over $19 million.  Therefore, the United States is seeking a general preliminary order of forfeiture at this time for all proceeds obtained and all property derived from proceeds the defendant obtained as a result of Count One, including directly traceable assets in *S.E.C. v. Rudden, et al*, civil case number 18-cv-1849-RM, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2)(C).[1]

## II.    Argument

7.    Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Court shall order criminal forfeiture of property constituting, or derived from, proceeds obtained directly or indirectly as a result of violations of 18 U.S.C. § 1341.

8.    Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture.  Fed. R. Crim. P. 32.2(b)(2)(A).

9.    However, pursuant to Rule 32.2(b)(1)(C) of the Federal Rules of Criminal Procedure, if, before sentencing, the Court cannot identify all the specific property

---

[1] The United States is hopeful that it will be able to move to amend the general preliminary order prior to sentencing to identify the amount of the money judgment sought and identify the specific assets subject to forfeiture.

subject to forfeiture or calculate the total amount of the money judgment, the court may enter a forfeiture order that: (i) lists any identified property; (ii) describes property in general terms; and (iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment is calculated.

10. The facts as set forth in the Plea Agreement and the Information provide a basis for a general order of forfeiture in accordance with Fed. R. Crim. P. 32.2(b)(2)(C), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), for all proceeds obtained and all property derived from proceeds the defendant obtained as a result of Count One, including directly traceable assets in *S.E.C. v. Rudden, et al*, civil case number 18-cv-1849-RM.

WHEREFORE, the United States moves this Court to enter a General Preliminary Order of Forfeiture for the reasons set forth herein.

DATED this 12th day of June 2019.

Respectfully submitted,

JASON R. DUNN
United States Attorney

By: s/ *Laura B. Hurd*
Laura B. Hurd
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Ste. 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: laura.hurd@usdoj.gov
*Attorney for the United States*

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 12th day of June 2019, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

    s/ Jasmine Zachariah
    FSA Data Analyst
    U.S. Attorney's Office