AO 245B (Rev. 02/18)    Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

District of Colorado

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>DANIEL B. RUDDEN | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  1:18-cr-00508-CMA-1<br><br>USM Number:  44825-013<br><br>Colette Therese Tvedt<br>Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)    1 of the Information.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | 06/2018 | 1 |

The defendant is sentenced as provided in pages 2 through _____7_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 20, 2019
Date of Imposition of Judgment

_Christine M Arguello_
Signature of Judge

Christine M. Arguello, United States District Judge
Name and Title of Judge

June 24, 2019
Date

AO 245B  (Rev. 02/18) Judgment in Criminal Case

DEFENDANT:        DANIEL B. RUDDEN
CASE NUMBER:     1:18-cr-00508-CMA-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **one hundred twenty-one (121) months.**

☒     The court makes the following recommendations to the Bureau of Prisons:
     The court recommends the defendant be designated to a facility in Colorado to facility visitation with family.

☒     The defendant is remanded to the custody of the United States Marshal.

☐     The defendant shall surrender to the United States Marshal for this district:

     ☐    at _____ ☐ a.m. ☐ p.m.  on _____ .

     ☐    as notified by the United States Marshal.

☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐    before 2 p.m. on _____ .

     ☐    as notified by the United States Marshal.

     ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 02/18) Judgment in Criminal Case

DEFENDANT:     DANIEL B. RUDDEN
CASE NUMBER:    1:18-cr-00508-CMA-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **three (3) years.**

# MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
        ☒  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☒    You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☒    You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐    You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐    You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18) Judgment in Criminal Case

| | |
|---|---|
| | Judgment — Page ___4___ of ___7___ |

DEFENDANT: DANIEL B. RUDDEN
CASE NUMBER: 1:18-cr-00508-CMA-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. 02/18) Judgment in Criminal Case

DEFENDANT:          DANIEL B. RUDDEN
CASE NUMBER:     1:18-cr-00508-CMA-1

# SPECIAL CONDITIONS OF SUPERVISION

1. You must not incur new credit charges, open additional lines of credit, or obtain or enter into any financing agreement or arrangement without the approval of the probation officer, unless you are in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

2. As directed by the probation officer, you must apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation in this case.

3. You must make payment on the restitution obligation that remains at the commencement of supervision. Within 60 days of release from confinement, you must meet with the probation officer to develop a plan for the payment of restitution. You must work with the probation officer in development of a monthly budget that shall be reviewed with the probation officer quarterly. You must document all income, compensation, and financial support generated or received from any source and provide such information to the probation officer as requested. The plan of payment will be based upon your income and expenses with the restitution amount to be paid in monthly installment payments. Such monthly installment payments shall be at least 10 percent of your gross monthly income. Because this sentence imposes restitution, it is a condition of supervision that you pay in accordance with this Order.

4. You must not cause or induce anyone to conduct any financial transaction on your behalf or maintain funds on your behalf.

5. If you have an outstanding financial obligation, the probation office may share any financial or employment documentation relevant to you with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation.

6. You must comply with all legal obligations associated with the Colorado Department of Revenue and the Internal Revenue Service regarding federal and state income taxes.

7. You shall refrain from gambling during the term of supervised release and shall not engage in any gambling activities either privately, in a casino, or on the internet.

AO 245B (Rev. 02/18) Judgment in Criminal Case

DEFENDANT: DANIEL B. RUDDEN
CASE NUMBER: 1:18-cr-00508-CMA-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on the following page.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 | $ 19,609,905.21 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | $19,609,905.21 | |
| **SEE ATTACHED EXHIBIT A** | | | |

| **TOTALS** | $ _____ | $ __19,609,905.21__ | |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the following page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the   ☐ fine   ☒ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18) Judgment in Criminal Case

|  | Judgment — Page 7 of 7 |
|---|---|

DEFENDANT: DANIEL B. RUDDEN
CASE NUMBER: 1:18-cr-00508-CMA-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

    The special assessment and restitution are due immediately. Disbursement of restitution payments shall be made on a pro rata basis to the victims. Any disbursements returned to the Clerk of Court as unclaimed or undeliverable shall be deposited into the Court's registry and disbursed to the remaining victims on a pro rata basis. The defendant shall make payment on the restitution obligation that remains unpaid at the commencement of supervised release. Within 60 days of commencement of supervision, the defendant shall meet with the probation officer to develop a plan for the payment of restitution. This plan will be based upon the defendant's income and expenses. The plan will be forwarded to the Court for review and approval.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number),* Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

# Exhibit A
# Restitution

| Case Name: | USA v. Rudden | |
|---|---|---|
| Case Number: | 1:18-cr-00508-CMA | |
| | As of June 21, 2019 | |
| | | |
| | Contact | Loss |
| | Abell, Marianne | 53,106.17 |
| | Aberle, Leanna | 15,082.51 |
| | Aljoe, Michael | 85,802.00 |
| | Andersen, Ralph | 449,035.83 |
| | Anderson Bells, Kristina | 9,431.78 |
| | Anderson, Charles (Chuck) | 14,841.09 |
| | Anderson, Rosemary D | 77,093.15 |
| | Atler, Larry | 39,265.75 |
| | Aufieri, Roger | 441,328.76 |
| | Bailey, Jeff (dba MF LLC) | 43,395.13 |
| | Baker, Donna  or Dick | 61,857.62 |
| | Baldus, Michael | 178,016.01 |
| | Ball, Stephen | 43,500.00 |
| | Ballard, John | 57,732.19 |
| | Barnet, Kenneth | 45,065.81 |
| | Barron, Michael | 21,000.00 |
| | Battelle, Tony and Holly | 31,518.64 |
| | Beebe, Robert | 135,342.46 |
| | Bergen, Wendy | 30,772.11 |
| | Bernadette Moncrief | 71,000.00 |
| | Biggers, Vernon Ross (Bud)(IRA) | 36,000.00 |
| | Bower, Tim  or Eva | 300,000.00 |
| | Brandow, Andrea Nicole (formerly Wewel) | 21,663.28 |
| | Brasel, Tim fbo Brasel, Mary Jane | 268,470.44 |
| | Bride, Mike & Lisa | 184,712.33 |
| | Bride, Mitchell | 9,000.00 |
| | Bride, Rachel | 9,200.00 |
| | Bride, Tara | 5,520.00 |
| | Buczek, Charles (Chuck) (IRA) | 71,200.00 |
| | Buczek, Christine | 163,400.00 |
| | Buczek, Jacqueline (Jackie) | 244,700.00 |
| | Buczek, James | 85,300.00 |
| | Buczek, Virginia (Ginny) | 182,435.80 |
| | Burns, Betsy | 35,290.41 |
| | Burns, Karl | 3,500.00 |
| | Burns, Steve | 23,750.00 |
| | Byron, Dennis | 4,500.00 |
| | Cain, Donald Jeffrey (Jeff) | 61,784.94 |
| | Carnicello, Robert & Dona | 182,520.55 |
| | Cherry Creek Diamond Club | 151,600.00 |
| | Chris Criag inherited from Wendy Bergen | 120,000.00 |
| | Clark, Jill  (and 'Mary E. Clarke Trust) | 146,891.78 |
| | Clever, Luanne  (formerly Moser) | 273,814.86 |
| | Clever, Ruth J | 8,615.00 |
| | Cohan, Steve | 65,970.00 |
| | Collett, N Elaine | 38,039.46 |
| | Cox, James (Jim)(IRA) | 72,289.18 |
| | Critcher, Jay and Ambrose-Critcher, Carol | 100,000.00 |
| | David, Dianne Denise | 226,612.32 |
| | Dean, Janet M. (wife of Cain) | 59,845.89 |
| | Delfiner, Irwin (Mick) | 30,072.60 |
| | Deligiannis, Elizabeth | 178,580.82 |
| | Desalme, Sylvia H | 20,526.72 |
| | Dininger, John | 119,660.34 |
| | Douglas, Charles Taylor (Chuck) | 422,508.98 |
| | Douglas, Elizabeth Kay (Kay) | 139,354.65 |
| | Duncan, Larry Nick | 6,083.84 |
| | Dunn, Ernie | 100,000.00 |
| | Enwall, Michael | 238,292.88 |
| | F&H Leventhal Survivor TTE | 9,750.00 |
| | Fink-Soto, Laura | 16,831.09 |
| | Flatley, Carla Moser | 75,689.32 |
| | Florentine, Larry/Susan | 81,119.00 |
| | Fohn, Richard | 345,770.87 |
| | Fohn, Tim | 59,178.22 |
| | Gardner, Glen Christian | 104,575.00 |
| | Genser, Carter | 37,589.89 |
| | Glotfelty, John Charles | 46,095.89 |
| | Gold, Edward | 53,500.00 |
| | Green, Dean | 64,145.21 |
| | Green, Tom | 123,140.00 |
| | Green, Tom | 407,831.51 |
| | Hasset, Jessica | 76,697.33 |
| | Hassett, Dianne | 57,404.30 |
| | Hassett, Rick | 436,773.72 |
| | Hawkins, William Anthony (Bill) | 5,426.03 |

| Case Name: | USA v. Rudden | |
|---|---|---|
| Case Number: | 1:18-cr-00508-CMA | |
| | As of June 21, 2019 | |
| | | |
| | Contact | Loss |
| | Hays, LaVonne | 33,700.00 |
| | Hays, Mary | 19,300.00 |
| | Henderson, Ed & Maria | 24,724.85 |
| | Henderson, Marie E | 1,512.00 |
| | Herock, Landon | 2,669.45 |
| | Herock, Larry & Hayley | 1,300.00 |
| | Hopton, John | 175,258.63 |
| | Hunter, Richard | 23,750.00 |
| | Hynes, Susan | 100,000.00 |
| | Joanne Mui Fong Tom | 456,910.00 |
| | John McIlwee and Beverly Winters | 1,216,452.84 |
| | John Moyski | 173,304.11 |
| | John Robert Long Living Trust | 342,736.64 |
| | Jonas, Sam | 79,826.03 |
| | Jordening, Dave | 170,501.37 |
| | Jordening, Donna | 11,667.53 |
| | Jordening, Julie | 20,040.83 |
| | Joslyn, Norman & Elaine | 104,544.54 |
| | Katsimitas, Tina | 44,431.00 |
| | Katsimitas, Valerie | 146,624.00 |
| | Kelly, Michael | 44,941.10 |
| | Kirby, Chad | 9,000.00 |
| | Kreitmann, Jackie | 175,000.00 |
| | Krumwiede, David | 3,788.16 |
| | Kurt A. Gross Irrevocable Trust | 10,500.00 |
| | Kyla McIlwee | 180,431.96 |
| | LaTorra, Steve | 29,500.00 |
| | Lawson, Diane | 63,112.33 |
| | Lee, George | 288,498.53 |
| | Lee, Jeanne | 37,125.75 |
| | Lefebvre, John | 67,671.28 |
| | Levy, Marvin | 110,000.00 |
| | Logsdon, Joseph DeGrood | 100,000.00 |
| | Mahony, Michael/Joan | 100,000.00 |
| | Manart, Frank | 271,159.69 |
| | Manfree, Ken | 47,882.00 |
| | Marich, Sarah | 4,300.00 |
| | Marshall, Dave | 14,334.80 |
| | May, Benjamin | 20,500.00 |
| | McCoy, Brian | 96,000.00 |
| | McPherson, John | 189,316.44 |
| | McQueen, Rod | 100,000.00 |
| | McShane Jr, Joe David | 110,000.00 |
| | Medeiros, Elaine | 13,103.67 |
| | Megan Manart | 35,539.72 |
| | Meieroto, Lynn | 48,572.85 |
| | Meierotto, Frank & Donna | 22,871.26 |
| | Meine, James  (Jim) | 82,731.16 |
| | Miller, Darryl Jeffrey | 71,424.51 |
| | Mimi Matthews inherited from Wendy Bergen | 120,000.00 |
| | Monday, Jerald | 49,391.78 |
| | Moreland, Doug | 195,000.00 |
| | Moser, Elva | 69,200.36 |
| | Moser, Kelsey | 11,263.39 |
| | Moser, Scott Alan | 25,441.38 |
| | Motz, Laura Lynn | 27,300.00 |
| | Mullen, Bill | 6,900.00 |
| | Owens, Kirk | 84,100.00 |
| | Owens, Mike & Rosemary | 87,869.67 |
| | Pedrick, Reed | 123,100.00 |
| | Pence, June Clarke | 19,275.34 |
| | Ploen, Jeffrey Paul | 20,000.00 |
| | Ploen, Ruth & Rex | 48,000.00 |
| | Ressler, Gregory | 10,500.00 |
| | Richmond, Scott Edward | 61,912.00 |
| | Robert O Glau Jr Living Trust (and Keifer) | 1,433,000.00 |
| | Ruch, Terry & Joanne | 98,191.78 |
| | Saviers Family Cabin | 4,500.00 |
| | Saviers, Debra | 24,000.00 |
| | Saviers, Shannon | 234,882.13 |
| | Schultz, Mark | 67,000.00 |
| | Schwarting, David | 2.65 |
| | Schwarting, Marc | 198,506.85 |
| | Schwartz, Chester Phillip | 88,000.00 |
| | Sharon Faye Long Living Trust | 68,470.64 |
| | Shaw, Deb | 390,000.00 |

| | Case Name: | USA v. Rudden | |
|---|---|---|---|
| | Case Number: | **1:18-cr-00508-CMA** | |
| | | **As of June 21, 2019** | |
| | | | |
| | | **Contact** | **Loss** |
| | | Smith, Mark | 356,886.22 |
| | | Souply, Kenneth | 674.43 |
| | | Spate, William | 35,200.00 |
| | | Staff, Gregory Karl (Greg) | 89,576.71 |
| | | Stames, John | 112,410.41 |
| | | Strasburg, Roberta A | 9,000.00 |
| | | Struharik, Janet Elaine | 9,770.41 |
| | | Sturtevant, Bruce | 130,706.57 |
| | | Tallick Family Trust | 147,546.49 |
| | | Tracy I. Alvarez Irrevocable Trust | 10,500.00 |
| | | Travers, Julieta E. | 43,962.72 |
| | | Travers, Ronald | 112,100.00 |
| | | Turnbull, Vincent Patrick, Inherited from Bergen, Wendy | 160,000.00 |
| | | Turner, Robin Lynn | 115,207.81 |
| | | Typher Jr., Robert Richard | 160,000.00 |
| | | Walters, Allen | 15,708.90 |
| | | Walters, Craig Mitchell | 15,000.00 |
| | | Weakley, Joe | 248,000.00 |
| | | Wewel, Megan Elizabeth | 42,627.28 |
| | | Wewel, Paul or Betty | 90,446.78 |
| | | Whatley, Christian | 124,843.06 |
| | | Whatley, Christine | 134,539.41 |
| | | Whatley, Samuel | 16,419.55 |
| | | William Saviers Special Needs Trust | 24,000.00 |
| | | Williams, John Arthur | 25,000.00 |
| | | | |
| | | **TOTAL** | 19,609,905.21 |