IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-cr-508-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DANIEL B. RUDDEN,

      Defendant.

_____

**UNITED STATES' MOTION TO AMEND GENERAL PRELIMINARY ORDER OF FORFEITURE**
_____

COMES NOW the United States of America, by and through United States Attorney Jason R. Dunn and Assistant United States Attorney Laura B. Hurd, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure, and moves this Court to Amend the Preliminary Order of Forfeiture to include specific assets and enter a forfeiture money judgment in the amount of $19,609,905.21.

In support, the United States sets forth the following:

**I.    Procedural Background**

1.    On October 29, 2018, the United States charged defendant Daniel B. Rudden by Information with one count of mail fraud, in violation of 18 U.S.C. § 1341. (Docket # 25).  The Information also contained a forfeiture allegation providing the defendant with notice that the United States, pursuant to the provisions of 18 U.S.C. §

981(a)(1)(C) and 28 U.S.C. § 2461(c), would seek forfeiture of all property derived from proceeds the defendant obtained directly or indirectly as a result of the offense, including a money judgment in the amount of proceeds obtained by the defendant's scheme.

4.      On December 7, 2018, the United States and defendant Daniel B. Rudden entered into a Plea Agreement, in which the defendant Daniel B. Rudden agreed to plead guilty to Count One of the Information.  The defendant also agreed to forfeit to the United States, any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), including all proceeds obtained by the defendant's scheme. (Docket # 33).

5.      As set forth in the Plea Agreement, defendant Daniel B. Rudden obtained as much as $55,000,000.00 from numerous investors through promissory notes offered by his business, Financial Visions, Inc.  The notes were supposed to pay annual interest rates of 12%.  Financial Visions, Inc., which purportedly made money by paying funeral expenses for deceased individuals, and then collecting repayment plus interest from their life insurance policies, actually operated as a Ponzi scheme.  Any interest or redemption payments received by investors were from new investor money, and not consistently from any business revenue.  Accordingly, the defendant's interest in all proceeds obtained and any property traceable to proceeds obtained by the defendant through the scheme to defraud are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

6.      On June 18, 2019, the Court entered a General Preliminary Order of

Forfeiture, pursuant to Federal Rule of Criminal Procedure Rule 32.2(b)(2)(C), which forfeited defendant Daniel B. Rudden's interest in all proceeds obtained as a result of Count One and all directly traceable assets, identified in *S.E.C. v. Rudden, et al*.  As part of that Order, the Court stated it would amend the General Preliminary Order of Forfeiture when the specific assets and amount of the forfeiture money judgment had been calculated.  (Docket #59).

   7. In an effort to identify any remaining proceeds of defendant Daniel B. Rudden's scheme, Travis Wall, Special Agent with the Federal Bureau of Investigation, has submitted an affidavit, identifying certain assets, which received funds traceable to investor funds obtained by the scheme to defraud.  *See* Attachment A, Affidavit of Travis Wall, Special Agent, FBI, June 18, 2019.   Approximately $36,300,000.00 in investor funds were deposited into the defendant's personal and Financial Visions accounts and the remaining loss to investors is $19,609,905.21.  (Docket # 61).

   8. As set forth in the affidavit, the following assets received investor funds as a result of Count One, which are subject to forfeiture, including the following amounts:

   a. $200,000.00 to Splash Beverage Group from Financial Visions West Guaranty Bank and Trust account ending in #9638;

   b. $527,500.00 to Defy the Oddz from Bank of Denver account Financial Visions, Inc., Bank of Denver account ending in #7621 and Daniel Rudden's Bank of Denver account ending in #3572;

   c. $100,000.00 to B-Mex, LLC from Financial Vision West Colorado State Bank and Trust Account ending in #7076;

d.  $351,167 to Wedbush Securities, Inc. from Daniel Rudden's Bank of Denver account ending in #3572;

e.  $100,000.00 to Life Gift Cards from Guaranty Bank and Trust, Financial Visions, Inc. account ending in #1302; and

f.  $185,000.00 to Las Vegas Railway Express from Daniel Rudden's Bank of Denver, account ending in #3572.

9.     In addition, any funds in excess of the amounts listed in paragraph 7 would constitute substitute assets, belonging to defendant Daniel B. Rudden and are also subject to forfeiture pursuant to 21 U.S.C. § 853(p).   Therefore, the following assets are traceable to the defendant's scheme to defraud:

a.  Any and all of defendant Daniel B. Rudden's interest in assets, shares, funds, or other any other property held by Splash Beverages whether in defendant's name, the name of defendant's nominee(s), or the name of any other entity in which he has control, including but not limited to Financial Visions Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC;

b.  Any and all of defendant Daniel B. Rudden's interest in assets, shares, funds, or any other property held by Defy the Oddz, LLC whether in defendant's name, the name of defendant's nominee(s), or the name of any other entity in which he has control, including but not limited to Financial Visions Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC;

4

    c.  Any and all of defendant Daniel B. Rudden's interest in assets, shares, funds, or any other property held by B-Mex LLC or awarded in B-*Mex, LLC and Others v. United Mexican States* (ICSID Case No. ARB(AF)/16/3) whether in defendant's name, the name of defendant's nominee(s), or the name of any other entity in which he has control, or any entity that received investor funds from the scheme to defraud, including but not limited to Financial Visions Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC;

    d.  Any and all of defendant Daniel B. Rudden's interest in assets, shares, funds, or any other property held by Wedbush Securities, Inc. whether in defendant's name, the name of defendant's nominee(s), or the name of any other entity in which he has control, including but not limited to Financial Visions Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC;

    e.  Any and all of defendant Daniel B. Rudden's interest in assets, shares, funds, or any other property held by Rackfest, Inc. whether in defendant's name, the name of defendant's nominee(s), or the name of any other entity in which he has control, including but not limited to Financial Visions Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC;

    f.  Any and all of defendant Daniel B. Rudden's interest in assets, shares, funds, or any other property held by Life Gift Cards, whether in

5

defendant's name, the name of defendant's nominee(s), or the name of

any other entity in which he has control, including but not limited to

Financial Visions Inc., Financial Vision West, LLC, Financial Visions West

1, LLC, and FV-2, LLC; and

g.   Any and all of defendant Daniel B. Rudden's interest in assets, shares,

funds, or any other property held by Las Vegas Railway Express, Inc.,

whether in defendant's name, the name of defendant's nominee(s), or the

name of any other entity in which he has control, including but not limited

to Financial Visions Inc., Financial Vision West, LLC, Financial Visions

West 1, LLC, and FV-2, LLC.[1]

10.     In addition to the above-listed assets, the United States is also aware that

the defendant also provided $25,000.00 to D.L.   *See* (Docket #61, p. 6).

11.     At this time, the above-listed assets are also subject to an Order freezing

them in *United States v. Daniel Rudden, et al*, civil case number 18-cv-01842-RM-STV.

The United States and the U.S. Securities and Exchange Commission are working in

coordination to obtain the defendant's interest in the assets, if any.  Therefore, although

the freeze order remains in effect, the United States seeks this Preliminary Order of

Forfeiture to disgorge the defendant's interest in the assets, and if the disposition of the

assets is better served through the forfeiture process, the U.S. Securities and Exchange

Commission has informed undersigned counsel that they will move the Court in *United

States v. Daniel Rudden, et al*, civil case number 18-cv-01842-RM-STV, to lift the freeze

---

[1]The United States is uncertain of the value of the assets listed, if any.

order to facilitate the disposition of those assets.   *See United States v. Grigsby*, 665

Fed. App'x 708, 712 (10th Cir. 2016) ("a preliminary forfeiture order properly referenced

during sentencing and included in the judgment against a defendant is a final

adjudication of the defendant's rights in the forfeited property.")

**Argument**

12.     An Amended Preliminary Order of Forfeiture is necessary in order for the

United States to seize the property subject to forfeiture.  In addition, 21 U.S.C. § 853(n)

requires that third parties who may have an interest in the property receive notice, via

publication, or to the extent practical, direct written notice, of the forfeiture and the

United States' intent to dispose of the property. The United States cannot accomplish

the seizure, notice, and publication without the Amended Preliminary Order of

Forfeiture.

13.     Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Court

shall order criminal forfeiture of property constituting, or derived from, proceeds

obtained directly or indirectly as a result of violations of 18 U.S.C. § 1341.

14.     The facts as set forth in record, the Plea Agreement, and Attachment A

provide an ample basis for an order of forfeiture in accordance with 18 U.S.C. §

981(a)(1)(C) and 28 U.S.C. § 2461(c), including a money judgment in the amount of

$19,609,905.21[2] and for the specific assets identified in paragraphs 9-10.  In addition,

---

[2] Although approximately $36,300,000.00 is the amount of proceeds traceable to the Ponzi
scheme, the United States is seeking a forfeiture money judgment in the amount of
$19,609,905.21, which is the amount of remaining loss to the victims as a result of Count One,
in the interest of justice.

any amounts received from specific assets forfeited will be credited to the

$19,609,905.21 forfeiture money judgment.

WHEREFORE, the United States moves this Court to Amend the General

Preliminary Order of Forfeiture to include the forfeiture money judgment and specific

assets tendered herewith, for the reasons set forth above.

DATED this 28th day of June 2019.

Respectfully submitted,

JASON R. DUNN
United States Attorney

By:     s/   *Laura B. Hurd*
        Laura B. Hurd
        Assistant United States Attorney
        United States Attorney's Office
        1801 California Street, Ste. 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        E-mail: laura.hurd@usdoj.gov
        *Attorney for the United States*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of June 2019, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

s/ *Jasmine Zachariah*
FSA Data Analyst
U.S. Attorney's Office