IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 18-cr-00508-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANIEL B. RUDDEN,

    Defendant.

## AMENDED PRELIMINARY ORDER OF FORFEITURE

THIS MATTER comes before the Court on the Government's Motion to Amend General Preliminary Order of Forfeiture (Doc. # 64). The Court, having read the Motion and being fully advised in the premises, finds:

THAT on December 7, 2018, the United States and Defendant Daniel B. Rudden entered into a Plea Agreement, (Doc. # 33), which provides a factual basis and cause to have issued a forfeiture order under 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure;

THAT on June 18, 2019, the Court issued a Preliminary Order of Forfeiture (Doc. # 59), in which the Court found that a requisite nexus existed between all proceeds obtained and all property derived from proceeds the Defendant obtained as a result of Count One, including directly traceable assets in *S.E.C. v. Rudden, et. al.*, Case No. 18-cv-1849-RM, and Count One to which Defendant has pleaded guilty;

THAT on June 20, 2019, Defendant Daniel Rudden was sentenced (Doc. # 60);

THAT the Government was able to identify specific assets received investor funds that Defendant Rudden obtained as a result of Count One, including:

a. $200,000.00 to Splash Beverage Group from Financial Visions West Guaranty Bank and Trust account ending in #9638;

b. $527,500.00 to Defy the Oddz from Bank of Denver account Financial Visions, Inc., Bank of Denver account ending in #7621 and Daniel Rudden's Bank of Denver account ending in #3572;

c. $100,000.00 to B-Mex, LLC from Financial Vision West Colorado State Bank and Trust Account ending in #7076;

d. $351,167.00 to Wedbush Securities, Inc. from Daniel Rudden's Bank of Denver account ending in #3572;

e. $100,000.00 to Life Gift Cards from Guaranty Bank and Trust, Financial Visions, Inc. account ending in #1302; and

f. $185,000.00 to Las Vegas Railway Express from Daniel Rudden's Bank of Denver, account ending in #3572;

THAT any funds in excess of the amounts listed above would constitute substitute assets, belonging to Defendant Rudden and are subject to forfeiture pursuant to 21 U.S.C. § 853(p), including the following specific assets traceable to Defendant Rudden's scheme to defraud:

a. Any and all of Defendant Rudden's interest in assets, shares, funds, or any other property held by Splash Beverages, whether in Defendant Rudden's

name, the name of Defendant Rudden's nominee(s), or the name of any other entity in which he has control, including but not limited to Financial Visions, Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC;

b. Any and all of Defendant Rudden's interest in assets, shares, funds, or any other property held by Defy the Oddz, LLC, whether in Defendant Rudden's name, the name of Defendant Rudden's nominee(s), or the name of any other entity in which he has control, including but not limited to Financial Visions, Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC;

c. Any and all of Defendant Rudden's interest in assets, shares, funds, or any other property held by B-Mex LLC or awarded in *B-Mex, LLC and Others v. United Mexican States* (ICSID Case No. ARB(AF)/16/3), whether in Defendant Rudden's name, the name of Defendant Rudden's nominee(s), or the name of any other entity in which he has control, or any entity that received investor funds from the scheme to defraud, including but not limited to Financial Visions, Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC;

d. Any and all of Defendant Rudden's interest in assets, shares, funds, or any other property held by Wedbush Securities, Inc., whether in Defendant Rudden's name, the name of Defendant Rudden's nominee(s), or the name of any other entity in which he has control, including but not limited to

Financial Visions, Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC;

e. Any and all of Defendant Rudden's interest in assets, shares, funds, or any other property held by Rackfest, Inc., whether in Defendant Rudden's name, the name of Defendant Rudden's nominee(s), or the name of any other entity in which he has control, including but not limited to Financial Visions, Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC;

f. Any and all of Defendant Rudden's interest in assets, shares, funds, or any other property held by Life Gift Cards., whether in Defendant Rudden's name, the name of Defendant Rudden's nominee(s), or the name of any other entity in which he has control, including but not limited to Financial Visions, Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC;

g. Any and all of Defendant Rudden's interest in assets, shares, funds, or any other property held by Las Vegas Railway Express, Inc., whether in Defendant Rudden's name, the name of Defendant Rudden's nominee(s), or the name of any other entity in which he has control, including but not limited to Financial Visions, Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC;

THAT the Government also became aware that Defendant Rudden provided $25,000.00 to D.L.; and

THAT the amount of money judgment was calculated in the amount of $19,609,905.21.

THEREFORE, pursuant to Rule 32.2(e)(1), it is

ORDERED that the Government's Motion to Amend General Preliminary Order of Forfeiture (Doc. # 64) is GRANTED. It is

FURTHER ORDERED that Defendant Rudden's interest in all proceeds obtained and all property derived from proceeds the Defendant obtained as a result of Count One, including directly traceable assets in *S.E.C. v. Rudden, et. al.*, Case No. 18-cv-1849-RM, are forfeited to the United States in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Specifically, the following assets are forfeited to the United States:

a. $200,000.00 to Splash Beverage Group from Financial Visions West Guaranty Bank and Trust account ending in #9638;

b. $527,500.00 to Defy the Oddz from Bank of Denver account Financial Visions, Inc., Bank of Denver account ending in #7621 and Daniel Rudden's Bank of Denver account ending in #3572;

c. $100,000.00 to B-Mex, LLC from Financial Vision West Colorado State Bank and Trust Account ending in #7076;

d. $351,167 to Wedbush Securities, Inc. from Daniel Rudden's Bank of Denver account ending in #3572;

e. $100,000.00 to Life Gift Cards from Guaranty Bank and Trust, Financial Visions, Inc. account ending in #1302; and

f. $185,000.00 to Las Vegas Railway Express from Daniel Rudden's Bank of Denver, account ending in #3572;

 g. Any and all of Defendant Rudden's interest in assets, shares, funds, or any other property held by Splash Beverages, whether in Defendant Rudden's name, the name of Defendant Rudden's nominee(s), or the name of any other entity in which he has control, including but not limited to Financial Visions, Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC;

 h. Any and all of Defendant Rudden's interest in assets, shares, funds, or any other property held by Defy the Oddz, LLC, whether in Defendant Rudden's name, the name of Defendant Rudden's nominee(s), or the name of any other entity in which he has control, including but not limited to Financial Visions, Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC;

 i. Any and all of Defendant Rudden's interest in assets, shares, funds, or any other property held by B-Mex LLC or awarded in *B-Mex, LLC and Others v. United Mexican States* (ICSID Case No. ARB(AF)/16/3), whether in Defendant Rudden's name, the name of Defendant Rudden's nominee(s), or the name of any other entity in which he has control, or any entity that received investor funds from the scheme to defraud, including but not limited to Financial Visions, Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC;

 j. Any and all of Defendant Rudden's interest in assets, shares, funds, or any other property held by Wedbush Securities, Inc., whether in

    Defendant Rudden's name, the name of Defendant Rudden's nominee(s), or the name of any other entity in which he has control, including but not limited to Financial Visions, Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC;

k. Any and all of Defendant Rudden's interest in assets, shares, funds, or any other property held by Rackfest, Inc., whether in Defendant Rudden's name, the name of Defendant Rudden's nominee(s), or the name of any other entity in which he has control, including but not limited to Financial Visions, Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC;

l. Any and all of Defendant Rudden's interest in assets, shares, funds, or any other property held by Life Gift Cards., whether in Defendant Rudden's name, the name of Defendant Rudden's nominee(s), or the name of any other entity in which he has control, including but not limited to Financial Visions, Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC;

m. Any and all of Defendant Rudden's interest in assets, shares, funds, or any other property held by Las Vegas Railway Express, Inc., whether in Defendant Rudden's name, the name of Defendant Rudden's nominee(s), or the name of any other entity in which he has control, including but not limited to Financial Visions, Inc., Financial Vision West, LLC, Financial Visions West 1, LLC, and FV-2, LLC; and

      n.  The $25,000.00 that Defendant Rudden provided to D.L. It is

FURTHER ORDERED that judgment of forfeiture of the $19,609,905.21 in United States currency shall enter in favor of the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). It is

FURTHER ORDERED that, upon completing the notice process under 21 U.S.C. § 853(n), and if necessary, until the ancillary proceeding is concluded under Rule 32.2(c), the Amended Preliminary Order of Forfeiture shall become final as to Defendant Rudden. It is

FURTHER ORDERED that, at the time the Amended Preliminary Order of Forfeiture becomes final, the Court will correct its failure to include the forfeiture order in the Judgment (Doc. # 61) pursuant to Fed. R. Crim. P. 36. It is

FURTHER ORDERED that, upon completing the notice process under 21 U.S.C. § 853(n), the United States shall have full and legal title to the above listed assets and forfeited $19,609,905.21 in United States currency and may dispose of them in accordance with law. It is

FURTHER ORDERED that this Amended Preliminary Order of Forfeiture may be amended pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, when additional assets are identified.

DATED:  July 11, 2019

                                              BY THE COURT:

                                              CHRISTINE M. ARGUELLO
                                              United States District Judge