**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 18-cr-00508-CMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. DANIEL B. RUDDEN,

Defendant.

## GOVERNMENT'S UNOPPOSED MOTION TO AMEND JUDGMENT

The United States of America respectfully submits this motion to amend certain victim names and restitution amounts as reflected in the final judgment in this case. The defendant, through his counsel, Colette Tvedt, Esq., does not oppose this motion.

Pursuant to Rule 36, the government seeks to correct the misspelling of two victims' names. Pursuant to 18 U.S.C. § 3664(d)(5), the government seeks to correct the loss amount for a third victim and add to the restitution order of the judgment one victim who was unknown to the government until after sentencing. If granted, these corrections will result in an increase of approximately $300,000 to the total restitution amount.

**I.    Fed. R. Crim. P. 36 Amendments**

Rule 36 of the Federal Rules of Criminal Procedure permits a court "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." "Rule 36 is narrow, applying only

1

to uncontroversial and non-substantive clerical errors of the sort that a clerk . . . might commit, mechanical in nature." *United States v. Kieffer*, 702 F. App'x 734, 737 (10th Cir. 2017) (quoting *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008) (internal citation and quotation marks omitted)).

Due to clerical errors on the government's part, the judgment includes the following two misspellings:

1. For victim Jackie Kreitzman, the Judgment reads "Kreitmann" when it should read "**Kreitzman**."
2. For victim Anthony Battelle, the Judgment reads "Tony" when it should read "**Anthony**."

Accordingly, the government requests that the judgment be amended to reflect these two corrections.

II. **Amendments Pursuant to 18 U.S.C. § 3664(d)(5)**

The government further requests to correct the loss amount listed in the restitution order for one victim and to add to the restitution order the loss amount for one additional victim who was unknown to the government until after the sentencing hearing.

Title 18, United States Code, Section 3664(d)(5) permits post-sentencing determination of restitution in the following circumstances:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for

restitutionary relief.

The government seeks to make two corrections pursuant to this statute. First, due to an error on the government's part, the judgment includes a loss amount of $2.65 for victim David Schwarting when in fact Mr. Schwarting lost the far more substantial amount of **$209,831.11.** [1] The government became aware of this error when Mr. Schwarting contacted the government after the sentencing hearing**.** There is good cause for this error. The process for ascertaining loss, fully described below and discussed at length at the sentencing hearing, was time-consuming and required extensive attention to detail. Analysts mistakenly typed the wrong number in the loss field for Mr. Schwarting. The defendant does not dispute the corrected loss amount for Mr. Schwarting.

Second, the government seeks to amend the judgment to reflect that an additional victim, Nong Goodman, lost approximately $99,935 through the defendant's scheme. While the government did not inform the court prior to sentencing that additional victims might come forward, good cause exists for the government's failure to include Ms. Goodman's losses in the initial claim for restitution. At sentencing, the government explained the painstaking process numerous analysts followed to piece together the loss amounts in this case after the defendant destroyed his computer and other records. Analysts used bank records to identify potential victims based on deposits and withdrawals, used formulas to estimate the terms of each victim's agreement with the

---

[1] To the extent that the Court views this error as clerical in nature, the government seeks to amend the restitution order of the judgment as to Mr. Schwarting's loss amount pursuant to Rule 36, discussed above.

defendant, and made every effort to locate victims and obtain additional records from them. In the end, analysts identified over 175 victims of the defendant's scheme. Regrettably, however, the government did not identify Ms. Goodman's loss based on bank records and was unaware that she was a victim. Ms. Goodman contacted the government shortly after the defendant's sentencing hearing and provided records about her investment in the defendant's scheme. For these reasons, there is good cause for the government's failure to include Ms. Goodman as a victim.

### III. Timing

Rule 36 sets no time limit for amending clerical errors.[2] Title 18, United States Code, Section 3664(d)(5) sets deadlines of either (1) 90 days from sentencing for final determination of loss, or (2) 60 days after discovery of additional losses for the victim to petition the Court for amendment. In this case, 90 days after the June 20, 2019 sentencing hearing would be September 18, 2019. Ms. Goodman notified the government about her loss on July 1, 2019, so 60 days after that would be August 30, 2019. In either case, this motion is timely.

### IV. Conclusion

For the reasons stated herein, the government requests the above-stated corrections to the restitution order of the final judgment. As noted, the defendant does not oppose this motion. With these corrections, the total restitution amount would

---

[2] The Rule requires that the Court provide "any notice it considers appropriate." Fed. R. Crim. P. 36. Given the discussions between the government and the defendant through counsel, and given the defendant's agreement with the requested corrections, the government submits that this requirement has been satisfied.

increase from $19,609,905.21 to **$19,919,668.67**.   A restitution order with the requested corrections is attached hereto as Attachment A.

    Respectfully submitted this 14th day of August, 2019.

                            JASON R. DUNN
                            UNITED STATES ATTORNEY

                            By: *s/ Rebecca S. Weber*
                            REBECCA S. WEBER
                            *s/ Martha Paluch*
                            MARTHA PALUCH
                            Assistant U.S. Attorneys
                            U.S. Attorney's Office
                            1801 California St., Suite 1600
                            Denver, CO   80202
                            Telephone:   (303) 454-0100
                            Fax:   (303) 454-0403
                            E-mail: Rebecca.Weber@usdoj.gov
                            Martha.Paluch@usdoj.gov
                            Attorneys for Government

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2019, I electronically filed the foregoing **GOVERNMENT'S UNOPPOSED MOTION TO AMEND JUDGMENT** with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all parties of record.

By: *s/ Rebecca S. Weber*
REBECCA S. WEBER
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Suite 1600
Denver, CO   80202
Telephone: (303) 454-0100
Fax: (303) 454-0403
E-mail: Rebecca.Weber@usdoj.gov
Attorney for Government