IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Criminal Action No. 18-cr-00508-CMA

UNITED STATES OF AMERICA,

     Plaintiff,

v.

DANIEL B. RUDDEN,

     Defendant.

---

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

---

This matter is before the Court on Defendant Daniel B. Rudden's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. # 77.) For the following reasons, the Court denies the Motion.

## I.     BACKGROUND

Defendant was accused of orchestrating a years-long, multi-million-dollar ponzi scheme that ultimately bilked more than 175 investors out of a total of nearly $20 Million. (Doc. # 80). He was charged with mail fraud, pled guilty, and was sentenced to 121 months in prison followed by three years of supervised release. (Doc. ## 32, 61).

Defendant now seeks early release from prison on medical grounds. (Doc. # 77). Defendant suffers from Type 2 diabetes and high blood pressure, and he asserts that these conditions put him at an increased risk of severe illness due to COVID-19.

Therefore, he asks the Court to convert the remainder of his sentence to time served or home confinement.

As of the date of his Motion, Defendant had served approximately 14% of his total prison sentence. (Doc. # 80, p. 1).

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A)(i), the court may reduce a defendant's sentence when a reduction is (1) warranted by "extraordinary and compelling reasons" and (2) "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). To determine whether "extraordinary and compelling reasons exist," the court must consider the sentencing factors set forth in 28 U.S.C. § 3553(a), including the "nature and circumstances of the offense," the "history and characteristics of the defendant," and "the need for the sentence imposed." 28 U.S.C. § 3553(a). The applicable Sentencing Commission policy statement provides four circumstances that may qualify as "extraordinary and compelling" reasons for compassionate release: (1) the defendant has a terminal medical condition or a serious health condition that substantially diminishes his ability to provide self-care; (2) the defendant is at least 65 years old and has served 75% of his sentence; (3) family circumstances; and (4) an extraordinary and compelling reason other than or in combination with one of the above. U.S. Sentencing Guidelines Manual § 1B1.13(1)(A) & cmt. n.1(A)–(D) (U.S. Sentencing Comm'n 2018).

### III.    ANALYSIS

The Government concedes that Defendant suffers from Type 2 diabetes and

hypertension, and that these conditions place Defendant at an increased risk of severe

illness from the virus that causes COVID-19. The Government argues, however, that

Defendant's Motion should nevertheless be denied because (1) granting the Motion

would undermine the goals of criminal sentencing; and (2) the Bureau of Prisons is

taking appropriate steps to minimize the risk of COVID-19 to federal inmates. (Doc. # 80

pp. 4, 9-10). This Court agrees with the Government's position.

The Court is sensitive to the risks COVID-19 poses to federal inmates,

particularly those inmates with certain underlying medical conditions. However, the law

requires that the Court consider whether granting Defendant's Motion would be

appropriate in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). Those

factors include "the nature and circumstances of the offense" and "the need for the

sentence imposed . . . to reflect the seriousness of the offense, to promote respect for

the law, and to provide just punishment for the offense." *See* 18 U.S.C. § 3582(c)(1)(A)

(the court "may not modify a term of imprisonment once it has been imposed" unless

"after considering the factors set forth in section 3553(a)" the court finds that

"extraordinary and compelling reasons warrant" the reduction). These factors weigh

heavily against granting the relief in Defendant's Motion.

Defendant's crime was serious, protracted, and damaging. For nearly a decade,

Defendant engaged in extensive fraud and deception that harmed more than 175

people, many of whom will never be made whole. (Doc. # 51, ¶ 14). Defendant faced a

possible sentence of up to twenty years in prison, 18 U.S.C. § 1341, and the relevant

sentencing guidelines called for imprisonment for a period of ninety-seven to 121

months. (Doc. # 51, ¶ 93). Before issuing Defendant's sentence, this Court took into

consideration Defendant's history, the sentencing factors outlined in §3553(a), the

sentencing guidelines, and the mitigating information presented by Defendant. (Doc. #

57). Additionally, although Defendant's diabetes and hypertension were diagnosed after

his sentencing hearing, (Doc. #77, p. 3, n. 3), and therefore were not discussed at the

hearing, the Court was aware of Defendant's age at the time of sentencing, as well as

the possibility that Defendant could develop certain age-related medical conditions in

the future. In view of all this information, the Court determined that a 121-month prison

sentence was appropriate. To date, Defendant has served only a small fraction of that

sentence.

Defendant notes, however, that his age, diabetes, and hypertension put him at

an elevated risk of severe illness due to COVID-19. (Doc. # 77, p. 4). He asserts that his

confinement "prevents him from practicing the social distancing necessary to keep him

safe from contracting the [COVID-19] virus," (Doc. # 77, p. 3), and he argues that

denying his Motion would be akin to issuing a him a "death sentence." (Doc. 77, p. 18).

Based on this argument, the Court directed the Government to specifically

address what steps are being taken by the Bureau of Prisons to protect people like

Defendant from COVID-19. (Doc. # 79). The Government produced a statement by

John Brantley, Executive Assistant at the U.S. Penitentiary ("USP") in Leavenworth,

Kansas, where Defendant is incarcerated. (Doc. # 90-1). According to Mr. Brantley, "the

Bureau has taken significant measures to protect the health of inmates in its charge,"
(Doc. # 90-1, ¶ 5), including:

- Modifying group gathering procedures to allow social distancing to the extent possible (Doc. # 90-1, ¶ 5(a));

- Issuing "appropriate face coverings" to all staff and inmates and requiring that face coverings be worn "in public areas when social distancing cannot be achieved" (Doc. # 90-1, ¶ 5(b));

- Screening new inmates for COVID-19 and isolating those who test positive (Doc. # 90-1, ¶ 5(c));

- Screening staff for signs and symptoms of COVID-19 (Doc. # 90-1, ¶ 5(c)); and

- Limiting contractor and volunteer access to bureau facilities and screening contractor and volunteers for symptoms and risk factors (Doc. # 90-1, ¶ 5(d)).

In addition to these nationwide measures, USP Leavenworth has implemented training, screening, and enhanced cleaning protocols to minimize the risk of inmate infection. (Doc. # 90-1, ¶ 6).

In light of the enhanced safety procedures in place at USP Leavenworth, and in view of the sentencing factors outlined in 18 U.S.C. § 3553(a) the Court concludes there are no "extraordinary and compelling" reasons to release Defendant after he has served just 14% of his sentence. 18 U.S.C. § 3582(c)(1)(A).

## IV.   CONCLUSION

Based on the foregoing, Defendant's Motion for Compassionate Release (Doc. # 77) is DENIED.

DATED: November 2, 2020                    BY THE COURT:


_____
CHRISTINE M. ARGUELLO
United States District Judge

6