**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 18-CR-00508-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

 DANIEL B. RUDDEN,

      Defendant.

---

UNITED STATES' MEMORANDUM IN SUPPORT OF ITS WRIT OF GARNISHMENT

---

COMES NOW the United States of America (the "United States" or the "Government"), by and through United States Attorney Jason R. Dunn and Assistant United States Attorney William B. Gillespie, and respectfully submits this Memorandum in Support of its Writ of Garnishment.  In support thereof, the United States submits the following:

**BACKGROUND**

1.      In June 2019, this Court entered a judgment against Daniel B. Rudden. Mr. Rudden pled guilty to one count of Mail Fraud, in violation of 18 U.S.C. § 1341. (ECF No. 61).  Mr. Rudden was sentenced to a 121-month prison term, a three year term of supervised release, and to pay a $100 special assessment and $19,609,905.21 in restitution.  (*Id*. at 2–3, 6).

2.      In August 2019, the Court granted an unopposed motion by the Government and, pursuant to 18 U.S.C. § 3664(d)(5), the Court modified the restitution order to correct the loss amount for one victim and to account for a victim whose loss was unknown at the time of sentencing.  (ECF No. 66 at 2–4; ECF No. 67 at 2).  The court entered an Amended Judgment reflecting the modification and Mr. Rudden's corrected restitution obligation of $19,919,668.67.  (ECF No. 68 at 6).

3.      A balance of $19,889,505.31 remains outstanding on Mr. Rudden's restitution debt.  At present, nearly all of the funds applied to Mr. Rudden's restitution obligation have been remitted to the Clerk of the Court by third parties, as directed by the Final Judgment in the United States Securities and Exchange Commission's related civil action against Mr. Rudden.  *See S.E.C. v. Rudden*, No. 18-cv-01842, slip op. at 3–8 (D. Colo. Oct. 15, 2020).

4.      On November 30, 2020, the United States filed an Application for Writ of Garnishment of funds from an unclaimed property account held by the Director of Unclaimed Property in the Colorado Office of the State Treasurer ("Garnishee"). (ECF No. 87).  The Clerk of the Court issued the writ the same day.  (ECF No. 88).

5.      On December 17, 2020, Garnishee filed an Answer to the Writ of Garnishment stating that it holds a claim for unclaimed property owed to Mr. Rudden in the amount of $415.99.  (ECF No. 89).

6.      On December 21, 2020, the Government received a completed Claim for Exemption Form signed by Mr. Rudden—a blank copy of which was provided to Mr. Rudden along with notice of the Writ of Garnishment.  (ECF No. 92 at 1).  The Claim for

Exemption Form signed by Mr. Rudden indicates that he is claiming exemptions for furniture, personal effects, books and tools of his profession, and undelivered mail.[1] When it appeared that the Clerk of the Court may not have received a copy of the Claim for Exemption Form, the Government provided a copy to the Clerk.  *See* (*Id.*).

## ARGUMENT

The Government is entitled to garnish Mr. Rudden's property to enforce the restitution portion of his sentence.  The property attached by the Writ of Garnishment is not exempt from garnishment.  Therefore, the Court should overrule Mr. Rudden's claims for exemption.

**I.    The Government is entitled to garnish Mr. Rudden's property to enforce the restitution portion of his sentence.**

Pursuant to section 204 of the Mandatory Victim's Restitution Act of 1996 (the "MVRA"), codified at 18 U.S.C. § 3663A (2017), courts shall order "that the defendant make restitution to the victim of the offense," when sentencing a defendant convicted of certain crimes.  § 3663A(a)(1).  Such crimes include offenses against property, including any offense committed by fraud or deceit. *See* § 3663A(c)(1)(A)(ii), (B).  The United States may enforce restitution orders in the same manner as criminal fines, and by all other available means.  § 3664(m)(1)(A).

---

[1] Mr. Rudden interlineates "Please send to me any held mail since July of 2018." Undersigned counsel is unaware of any such held mail.

Pursuant to § 3613—providing for civil remedies for satisfaction of an unpaid fine—an order to pay restitution creates "a lien in favor of the United States on all [of the defendant's property] as if the [defendant's restitution liability] were a liability for a tax assessed under the Internal Revenue Code of 1986."  § 3613(c); *e.g.*, *United States v. Loftis*, 607 F.3d 173, 179, n.7 (5th Cir. 2010) (citing 18 U.S.C. § 3613(c)) (once restitution is ordered, all of the defendant's property becomes subject to a lien in favor of the United States in the same manner as tax liens).

Moreover, "the United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law," but:

> Notwithstanding any other Federal law . . . a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that—
>
>> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
>>
>> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>>
>> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.[2]

§ 3613(a).  In other words, when the United States seeks to enforce restitution orders, it may do so in the same manner that it would enforce a civil judgment, except that the

---

[2] An unclaimed property claim is not "earnings" as contemplated by section 303 of the Consumer Credit Protection Act.  *United States v. Rising*, No. 11-CR-00117, slip op. at 7 (D. Colo. Dec. 19, 2018).

only property rights exempt from enforcement are those referenced in § 3613(a)(1).

*See id.*; § 3664(m)(1)(A); *United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006)

(citation omitted) ("District courts across the country have found 18 U.S.C. § 3613(a)

permits courts to consider [otherwise] protected assets in determining appropriate fines

and restitution. We adopt this understanding of § 3613(a) because the only property

exempt from that subsection is that which the government could not reach for the

payment of federal income taxes.").

The Federal Debt Collection Procedure Act ("FDCPA"), codified at 28 U.S.C.

§§ 3001–3308, sets forth enforcement practices and procedures available to the United

States for the enforcement of a civil judgment.  One such enforcement practice is a Writ

of Garnishment.  28 U.S.C. § 3205.

The FDCPA provides extensive due process rights for a debtor whose property is

subject to a writ of garnishment.  While the writ of garnishment is issued *ex parte*, the

United States must serve the writ on the debtor along with a Clerk's Notice that advises

him of his right to request a hearing and assert exemptions.  28 U.S.C. §§ 3004 (service

of process on debtor) & 3202 (Clerk's Notice).

The FDCPA also guarantees that debtors have a right to a hearing.  28 U.S.C.

§ 3202(d).[3]  If the debtor objects to the Writ of Garnishment, the debtor must request a

hearing within twenty days of receiving the Clerk's Notice.  *Id*.  In the hearing, the issues

---

[3] However, if the Court determines, based on review of the records before it, that a hearing is unnecessary, it may decide the issue without one.  *See, e.g.*, *Goodson v. Brennan*, No. 15-cv-01515, 2019 WL 2913348, at *2 (D. Colo. July 8, 2019).

are limited to (1) whether the debtor's property is exempt from garnishment, (2) whether

the United States complied with the statutory requirements, and (3) the validity of the

debt.  *Id.*  When the debtor objects to the Writ of Garnishment, the debtor bears the

burden of proving that the debtor's property is exempt from garnishment.  28 U.S.C.

§3205(c)(5).

## II.  Mr. Rudden's property attached by the Writ of Garnishment is not exempt from garnishment.

The property subject to the Writ of Garnishment is a claim for unclaimed

property; essentially a right to payment of $415.99.  While federal law alone governs

what property is exempt from execution under the MVRA, property rights are

determined by state law.  *See United States v. Craft*, 535 U.S. 274, 278 (2002).  Under

Colorado law, unless otherwise provided, the holder of presumptively abandoned

property may turn that property over to the State of Colorado when the last-known

address of the apparent owner is within the state.  § 38-13-302, C.R.S. (2020).  On

delivery of property to the Colorado State Treasurer—referred to as the "administrator"

in the Revised Uniform Unclaimed Property Act, § 38-13-102, "the state assumes

custody and responsibility for the safekeeping of the property."  § 38-13-604.  Money

collected by the administrator is deposited into the principal of the "unclaimed property

trust fund."  *See* § 38-13-801(1)(a).  However, the administrator holds the unclaimed

property for the benefit of the owner, and the state does not own the unclaimed

property.   § 38-13-803.  The owner of the property may file a claim for the property with

the administrator.  § 38-13-903.  The administrator must pay meritorious claims.  *See* § 38-13-904.

As explained above, the only property that is exempt from garnishment under the MVRA is the property described in the paragraphs of I.R.C. § 6334(a) that are incorporated by reference into 18 U.S.C. § 3613(a)(1).  § 3613(a)(1).  Internal Revenue Code § 6334(a) clearly exempts the property described therein; not funds that could be used to buy such property in the future.  *E.g.*, *United States v. Holcomb*, No. 08-20003-JWL, 2012 WL 5306257, at *3 (D. Kan. Oct. 26, 2012) ("[T]he exemptions set forth in § 6334(a)(1–3) apply to a person's tangible assets, not to money that may be used to purchase such tangible items.").

Mr. Rudden's right to payment of $415.99 does not fall within any of the exemptions enumerated in 18 U.S.C. § 3613(a)(1).  The exemptions he claims are addressed below.

Mr. Rudden claims an exemption under I.R.C. § 6334(a)(2).  (ECF No. 92 at 1).  I.R.C. § 6334(a)(2) exempts "[s]o much of the fuel, provisions, furniture, and personal effects in the taxpayer's household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $6,250 in value."  I.R.C. § 6334(a)(2).  Rudden's right to payment of $415.99 requires the disbursement of money.  Money is not covered by this paragraph.

Mr. Rudden claims an exemption under I.R.C. § 6334(a)(3).  (ECF No. 92).  I.R.C. § 6334(a)(3) exempts "[s]o many of the books and tools necessary for the trade,

business, or profession of the taxpayer as do not exceed in the aggregate $3,125 in value."  I.R.C. § 6334(a)(3).  Money is not covered by this paragraph either.

Lastly, Mr. Rudden claims an exemption under I.R.C. § 6334(a)(5).  (ECF No. 92).  I.R.C. § 6334(a)(5) exempts "[m]ail, addressed to any person, which has not been delivered to the addressee."  I.R.C. § 6334(a)(5).  Mr. Rudden's right to payment of $415.99 is not undelivered mail.

## CONCLUSION

Mr. Rudden has been sentenced to pay restitution under the MVRA. The Government is entitled to garnish Mr. Rudden's property to enforce the restitution portion of his sentence. The property attached by the Writ of Garnishment is not exempt from garnishment. Accordingly, the Court should overrule Mr. Rudden's claims for exemption.

Respectfully submitted,

JASON R. DUNN
United States Attorney

By:   s/William B. Gillespie
      **William B. Gillespie**
      Assistant United States Attorney
      1801 California Street, Suite 1600
      Denver, CO 80202
      Telephone: 303-454-0100
      E-mail: William.Gillespie@usdoj.gov
      Counsel for United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants.

I also hereby certify that on this 8th day of January, 2021, I have mailed or served the foregoing document to the following non-CM/ECF participant in the manner indicated by the non-participant's name:

By United States mail:

Daniel Rudden
10106 Severn Lane
Parker, CO  80134

Daniel Rudden
Register No. 44825-013
Leavenworth USP – SCP
P.O. Box 1000
Leavenworth, KS  66048

s/ Patricia McGee-Wake
PATRICIA MCGEE-WAKE
United States Attorney's Office