IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Judge Christine M. Arguello

Criminal Case No. 18-CR-00508-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANIEL B. RUDDEN,

    Defendant, and

OFFICE OF THE STATE TREASURER,

    Garnishee.

---

**ORDER OVERRULING OBJECTION TO WRIT OF GARNISHMENT**

---

This matter is before the Court on Defendant Daniel B. Rudden's "Claim for Exemption Form." (Doc. # 92), which the court construes as an objection to the Writ of Garnishment served on the Office of the State Treasurer. (Doc. # 88). The Court has reviewed the record and determined that a hearing is not necessary. For the reasons discussed below, the Court overrules Rudden's objection.

## I. BACKGROUND

Defendant, Daniel Rudden, was accused of orchestrating a years-long, multi-million-dollar ponzi scheme that robbed more than 175 investors of a total of nearly $20 Million. (Doc. # 80). Rudden ultimately pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. (Doc. # 61). He was sentenced to 121 months in prison and

1

ordered to pay $19,609,905.21 in restitution. (Doc. # 61). Almost all of that restitution - $19,889,505.31 – remains unpaid. (Doc. # 87, p. 1).

The Government is now attempting to recover some of the restitution owed by Rudden by garnishing Rudden's property. On November 30, 2020, the United States applied for a Writ of Garnishment to the Colorado Office of the State Treasurer. (Doc. # 87). Under Colorado law, when property is abandoned, the holder of that property can turn it over to the State Treasurer, who "assumes custody and responsibility for the safekeeping of the property." C.R.S. § 38-13-604. The Government apparently believed that the State Treasurer had assumed custody of some of Rudden's property, and it sought to garnish that property to satisfy some of Rudden's unpaid restitution. The Clerk of the Court issued the Writ the same day. (Doc. # 88). The State Treasurer answered the Writ on December 17, 2020, stating that it holds a claim for unclaimed property owed to Rudden in the amount of $415.99.[1] (Doc. # 89).

Rudden now appears to be objecting to the Writ. (Doc. # 92). On December 31, 2021, Rudden, acting pro se, filed a "Claim for Exemption" form, claiming garnishment exemptions for "furniture," "personal effects," "[b]ooks and tools of a trade, business, or profession," and "[u]ndelivered mail." (Doc. # 92). Significantly, however, the State Treasurer never claimed to have any of these items, (Doc. # 89), and the Government asserts that the only property of Rudden's in the Treasurer's custody is, essentially, cash: "The property subject to the Writ of Garnishment is a claim for unclaimed property; essentially a right to payment of $415.99." (Doc. # 93, p. 6). Additionally, Rudden's Claim for Exemption form was dated December 15, 2020, two days *before* the

---

[1] The State Treasurer later amended its answer to state that it has $10,554.42 of Rudden's property. (Doc. # 96).

State Treasurer answered the Writ. (Doc. # 92). Therefore, it is unclear whether Rudden actually intended to object to the Writ served on the State Treasurer, or if he merely intended to preserve his right to claim exemptions in the event the Government attempts to garnish those items in the future. In any case, the Court finds that Rudden has failed to state a valid objection to the Writ, and the Court therefore overrules the objection.

## II.  APPLICABLE LEGAL RULES

**A.     *PRO SE* STATUS**

Rudden filed his Claim for Exemption pro se. The Court construes pro se pleadings and other papers liberally and "hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall v. Bellmon*, 935 F.2d 1106, *1110* (10th Cir. 1991). The Court may not "supply additional factual allegations to round out a [pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997). Pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

**B.     GARNISHMENT UNDER THE FAIR DEBT COLLECTION PROCEDURES ACT**

The Fair Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001, *et seq.*, establishes the procedures available to the Government to enforce restitution orders. 18 U.S.C. § 3613(c); *United States v. Thomas*, 165 F. Supp. 3d 992, 995 (D. Colo. 2015). Among other things, the FDCPA allows the United States to garnish property that is

owned by the debtor, but is in the hands of third parties. *Payne v. Nat'l Sec. Agency*, Civil No. 97-266 MCA/LFG, 2008 WL 11451902, *4 (D.N.M. March 27, 2008) (citing 28 U.S.C. § 3205(a)). Specifically, 28 U.S.C. § 3205(a) provides:

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor. . . .  A writ of garnishment issued under this subsection shall be continuing and shall terminate only as provided in [28 U.S.C. § 3205(c)(10)].

28 U.S.C. § 3205(a). If the United States obtains a writ of garnishment, it must serve the writ both to the garnishee and to the judgment debtor. 28 U.S.C. § 3205(c)(3); *see United States v. Holcomb*, No. 09-20003-JWL, 2012 WL 5306257, *2 (D. Kan. Oct. 2012) (explaining procedures applicable to a writ of garnishment pursuant to 28 U.S.C. § 3205(c)). The garnishee must submit a written answer to the court that issued the writ and serve a copy of its answer on the judgment debtor and on the United States. 28 U.S.C. § 3205(c)(4). In its answer, the garnishee must identify any property in its custody, control, or possession that is subject to the writ. *Id*.

The FDCPA also gives the debtor a chance to object to a writ of garnishment. Within 20 days of the garnishee's answer,

> the judgment debtor or the United States may file a written objection to the answer and request a hearing. The party objecting shall state the grounds for the objection and bear the burden of proving such grounds. A copy of the objection and request for a hearing shall be served on the garnishee and all other parties.

28 U.S.C. § 3205(c)(5). Though the party objecting to the answer may request a hearing on the writ of garnishment, *see id.*, courts in this jurisdiction have determined, based on

4

their review of the records, that a hearing was not necessary. *See, e.g.*, *United States v. Dixon*, No. 03-20121-CM, 2007 WL 163245, *1 (D. Kan. Jan. 18, 2007) (deciding that a judgment debtor's objections to the answer of the garnishee did not necessitate a hearing).

## III. DISCUSSION

Rudden has failed to state a valid objection under 28 U.S.C. § 3205(c)(5). To successfully object to a writ of garnishment under that statute, Rudden is required to (1) state the grounds for his objection; (2) prove those grounds; and (3) serve a copy of the objection on the garnishee. 28 U.S.C. § 3205(c)(5). Rudden has failed to satisfy any of these requirements.

First, Rudden has not clearly stated the grounds for his objection. Rather than filing a specific objection to the Writ, Rudden simply filled out a "Claim for Exemption Form" that was provided to the garnishees. (Doc. # 92). The exemption form states that Rudden is claiming exemptions for "furniture," "personal effects," "[b]ooks and tools of a trade, business, or profession," and "[u]ndelivered mail." (Doc. # 92). But Rudden fails to specifically identify what exempt items he believes the State Treasurer to possess.[2] (*See* Docs. ## 89, 96).

Further, the State Treasurer does not appear have any exempt items in its possession. In its answer to the Writ, the State Treasurer described the property in its possession as "$10,554.42." (Doc. # 96). The Treasurer never identified any exempt

---

[2] In fact, it is not even clear which writ of garnishment Rudden is objecting to. The Government has applied for and obtained several writs of garnishment (Docs. ## 71, 73, 88, 91), and the Claim for Exemption Form does not identify which writ Rudden finds objectionable. However, Rudden's objection would be untimely if applied to any writ other than the writ served on the State Treasurer. Therefore, the Court will construe Rudden's objection as applying to that writ. *See Trackwell*, 472 F.3d at 1243.

property in its possession, never claimed any exemptions to garnishment, and never filled out the Claim for Exemption Form, which was provided to the Treasure along with the Writ. (Doc. # 88, p. 2). Thus, it appears that the State Treasurer is not actually in possession of any exempt property.

Additionally, even if the State Treasurer did have exempt items in its possession, it is clear from the Writ that the Government is not seeking to garnish those items. The Government concedes that the only property subject to Writ is "a right to payment." (Doc. # 93, p. 6). The Government asserts that it is not seeking to garnish any physical property, and Rudden offers no evidence or argument to refute that assertion. (Doc. # 93).

Finally, there is no evidence in the record to suggest that Rudden served his objection on the garnishee. Thus, Rudden has simply not satisfied the legal requirements for an objection to a writ of garnishment. The Court therefore finds that a hearing is not necessary, and that it is appropriate to deny Rudden's objection based on the written record.

## IV. CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections to Writ of Garnishment. (Doc. # 92).  The Court AFFIRMS the Writ of Garnishment issued by the Clerk of the Court on November 20, 2020. (Doc. # 88). It is

FURTHER ORDERED that Garnishee, Office of the State Treasurer, shall pay to the United States $10,554.42 belonging to Daniel B. Rudden.

Payment Instructions: Checks shall be made payable to Clerk, U.S. District Court and mailed to:

Clerk of the Court
901 19th Street, A-105
Denver, CO 80294

Please include the following information on the check:

    Name of Defendant: <u>Daniel B. Rudden</u>

    Court Number: <u>18-CR-00508</u>

    DATED:  August 4, 2021

                                        BY THE COURT:

                                        CHRISTINE M. ARGUELLO
                                        United States District Judge